IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| PETITION OF BRIAN VRATORIC ) | |
| AND ELLEN VRATORIC, ) | 02:09-mc-00284 |
| ) | |
| Petitioners ) | |

**MEMORANDUM ORDER**

This matter is before the Court on the PETITION TO PERPETUATE TESTIMONY FED.R.CIV. 27(a) filed by Petitioners, Brian Vratoric and Ellen Vratoric. For the foregoing reasons, the petition is denied.

This is a pre-action petition in which Petitioners seek to perpetuate the testimony of Michael P. Foley, a police officer with the Stowe Township Police Department, who allegedly will be "a witness in the Petitioners' prospective case." Petition at ¶ 5. According to Petitioners, they will be filing a federal lawsuit pursuant to 42 U.S.C. § 1983 in which they will allege that they are "victims of police harassment," and "that a conspiracy exists among Stowe Township Police rank and file, and [Wayne Pintar, a private citizen and "close friend of the police"] to violate the Petitioners' rights under the Fourth Amendment and Fourteenth Amendment of the United States Constitution." *Id.* at ¶¶ 5-6.

According to Petitioners, "Officer Foley has indicated, he will not provide testimony nor corroborate the allegations [of police harassment], unless he is served with legal process or subpoenaed to testify." *Id.* at ¶ 6(b). Petitioners allege that they "cannot obtain the evidence needed to fully set forth their federal claims, and Petitioners cannot file a lawsuit, unless Officer Foley's evidence is obtained." *Id.* at 7.

The purpose of Federal Rule of Civil Procedure 27 is to perpetuate testimony relating to an actual claim which may "otherwise become unavailable before the complaint could be filed." *In re Boland,* 79 F.R.D. 665, 667 (D.D.C. 1978). Additionally, "it is well settled that Rule 27(a) is not a method of discovery to determine whether a cause of action exists, and if so, against whom action should be instituted." *Id. See, e.g., Ash v. Cort,* 512 F.2d 909, 912 (3d Cir. 1975)*; Petition of Gary Const., Inc*., 96 F.R.D. 432, 433 (D. Colo. 1983) ("Rule 27(a) proceedings are not intended as a means of discovery to ascertain facts for use in framing a complaint."); *Petition of State of North Carolina*, 68 F.R.D. 410, 412 (S.D.N.Y. 1975) ("several courts have held that a Rule 27 petition cannot be used for the purpose of ascertaining facts to be used in drafting a complaint").

Under Rule 27, Petitioners must demonstrate that they have an actual rather than a hypothetical claim, and that, for some reason beyond their control, they cannot bring the claim now. *See Petition of Johanson Glove Co.*, 7 F.R.D. 156, 157 (E.D.N.Y. 1945) ("[Rule 27] gives to a litigant the privilege to 'perpetuate testimony.' As a basis for that privilege the litigant must not only show that he has a cause of action, but also that he is presently unable to commence that action, not because he is worried about the phraseology of the complaint, but because there is some obstacle beyond his control that prevents him from bringing it.").

In the instant case, Petitioners contend that they cannot file their lawsuit for the following reasons:

> because of the existence of a code of silence which exists among the rank and file of the putative Defendant's police department. Additionally, because of the need for secrecy to protect the innocent, it is believed the perpetuation of testimony will serve its goal. Additionally, the proposed

>      deponent has indicated he will not voluntary divulge any information
>      unless he is under subpoena.

Petition, at ¶ 8.

As the district court stated in *Petition of Ferkauf*, 3 F.R.D. 89 (S.D.N.Y. 1943), the purpose of Rule 27 "was not to enable a prospective litigant to discover facts upon which to frame a complaint. Rule 26, and not Rule 27, provides the method for discovering facts and that rule may be availed only after action has been commenced." *Id.* at 90.

The Court's research into the language and purpose of Rule 27 shows that Petitioners' request for pre-suit discovery must be denied. Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be an abuse of the rule. Rule 27 simply authorizes the perpetuation of evidence, not the discovery or uncovering of it. *In re Petition of Ford*, 170 F.R.D. 504 (M.D. Ala. 1997). The overwhelming weight of authority simply does not authorize the use of Rule 27 to conduct the type of pre-suit discovery Petitioners request herein.

"A person contemplating litigation has no absolute entitlement to early discovery under Rule 27. Moreover, the refusal to permit discovery prior to the institution of a suit is a ruling with only temporary application. The petitioner is free to seek discovery once the anticipated action has been filed." *Application of Eisenberg*, 654 F.2d 1107 (5th Cir. 1981). *See also In re Chester County Electric, Inc.*, 208 F.R.D. 545 (E.D. Pa. 2002) (citing cases).

For all the foregoing reasons, Petitioners' request for pre-suit discovery under Rule 27 is **DENIED**.

So **ORDERED** this 23rd day of October, 2009.

                BY THE COURT:

                s/Terrence F. McVerry
                United States District Court Judge

cc:    Brian Vratoric
       180 Roosevelt Road
       McKees Rocks, PA 15132
       (via U.S. Postal Service, postage prepaid and
       Certified Mail, Return Receipt Requested)

       Ellen Vratoric
       180 Roosevelt Road
       McKees Rocks, PA 15132
       (via U.S. Postal Service, postage prepaid and
       Certified Mail, Return Receipt Requested)